UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| CHRISTINA RINEHART, on Behalf of Herself and Others Similarly Situated § § § § PLAINTIFF, § VS. § § § § § § 6001 INC., d/b/a TD'S SHOWCLUB, § JAMES ZANZUCCHI, TIMOTHY § ZANZUCCHI, FRANK ZANZUCCHI § § Defendants. § § | Case No. _____ COMPLAINT – COLLECTIVE ACTION JURY DEMANDED 29 U.S.C. 201 et. Seq. |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1. Defendants required and/or permitted Plaintiff Christina Rinehart to work as an exotic Plaintiff at their adult entertainment club but refused to compensate her at the applicable minimum wage. In fact, Defendants refused to compensate her whatsoever for any hours worked. Plaintiff's only compensation was in the form of tips from club patrons, and even tips was partly confiscated by the club.

2. Defendants took money from Plaintiff in the form of "house fees" or "rent". Plaintiff was also required to divide tips with Defendants' managers and employees who do not customarily receive tips.

3. Defendants misclassify Plaintiffs, including Plaintiff, as independent contractors so that they do not have to compensate her at the federally mandated minimum wage rate.

4. Defendants' practice of failing to pay Plaintiff any wages violates the FLSA's minimum wage provision, and Defendants' practice of charging house fees and confiscating tips

also violates the FLSA because for at least one workweek in the relevant statutory period, these practices caused Plaintiff to be paid below the minimum wage.

5. Defendants owe Plaintiff minimum wages, house fee charges, tips, liquidated damages, attorney's fees, and costs.

## II.  SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## III.  PARTIES AND PERSONAL JURISDICTION

8. Named Plaintiff Christina Rinehart is an exotic Plaintiff and a former employee for Defendants. She resides in Sandoval County. Her consent is attached here as Exhibit A.

9. 6001 Inc. is a New Mexico for profit corporation doing business as TD's Showclub ("TD's") at 6001 Brentwood Lane NE, Albuquerque, NM 87109.

10. Frank Zanzucchi an owner or manager of TD's.

11. James Zanzucchi is an owner or manager of TD's.

12. Timothy Zanzucchi is an owner or manager of TD's.

13. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in New Mexico and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

14. Defendants have and continue to have systematic contacts with New Mexico sufficient to establish general jurisdiction over them. Specifically, Defendants' conduct and/or

conducted business in New Mexico by operating a successful club in this District. Defendants also employ workers and contract with residents and businesses in New Mexico.

15. This cause of action arose from or relates to the contacts of Defendants with New Mexico residents, thereby conferring specific jurisdiction over Defendants.

## IV.   FLSA COVERAGE

16. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

17. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

18. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19. Furthermore, Defendants have had, and continue to have, an annual gross business volume with TD's of $500,000 or higher.

20. Specifically, individual Defendants each possessed the power to hire and fire the Plaintiffs, including Plaintiff; they supervised and controlled employee work schedules or conditions of employment; they determined the rate and method of payment; and they maintained employment records.

21. At all material times, Plaintiff was individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## V.   COLLECTIVE AND CLASS ALLEGATIONS

**A.   FLSA Class Members**

22. Named Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate and overtime rate. That is, Plaintiff worked with other dancers who worked at the club.

23. As such, Plaintiff has first-hand personal knowledge of the same pay violations at the Club for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences including wage and tip confiscations, as those described in this complaint.

24. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

25. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

26. FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate or the overtime rate under the FLSA.

27. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage and overtime.

28. Defendants' failure to pay for hours worked at the minimum wage rate and relevant overtime rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

29. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

30. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

31. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate and the mandated overtime rate.

32. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The

claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

33. As such, Plaintiff brings her FLSA minimum wage claims as a collective action on behalf of the following class:

> **All of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

## VI.   FACTS

34. Defendants operate an adult entertainment club in New Mexico.

35. Plaintiff was previously employed as exotic Plaintiffs at Defendants' adult entertainment club during the statutory time period afforded under the FLSA.

36. Plaintiff worked on a regular basis for Defendants' gentlemen's establishment.

37. Named Plaintiff Christina Rinehart consistently worked at TD's between September 2015 and April 2018.

38. She worked 5 shifts a week and worked 7-8 hours per shift.

39. Plaintiff Rinehart never received any wages during her employment with the club.

40. For example, during at least one workweek in September 2016 (towards the beginning of her 3 year statutory period under the FLSA) and on until April 2018 when she left the club, Rinehart worked at TD's for at least one hour and was not paid the federal minimum wage.

41. This continued for the entirety of her employment. That is, Plaintiff did not earn a single cent in minimum wage while at TD's.

42. Plaintiff was classified by Defendants as an independent contractor who "leased" the premises and therefore actually paid the club to dance there.

43. On at least one occasion during the statutory period, Plaintiff left the club with negative earnings, that is, she made less than what she paid in "rental fees" to dance at the club.

44. Upon information and belief, Plaintiff was compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay her whatsoever for any hours worked at the establishment.

19. Defendants also required Plaintiff to share their tips with other non-service employees who do not customarily receive tips, including club managers.

20. Defendants also took a portion of Plaintiff' tips after Plaintiff performed dances for customers. These amounts were not recorded in the club's gross sales receipts and were not distributed back to Plaintiff. As alleged, no wages were provided to Plaintiff.

21. Defendants illegally classified the Plaintiffs as independent contractors. However, at all times, Plaintiff was an employee of Defendants.

22. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer regarding Plaintiff.

23. The following non-exhaustive list further demonstrates the Plaintiff's status as an employee:

    a. Defendants forced Plaintiff to pay a house fees to dance in the club;

    b. Defendants made the decision not to pay wages or overtime;

    c. Defendants set the price for private dances, VIP dances, and champagne room dances at the club and kept a portion of the dance revenues for themselves

    d. Defendants fined and reprimanded Plaintiff if she missed a shift or missed going on stage;

    e. Defendants charged Plaintiffs if they left within one hour of arriving at the club for their shift;

    f. Defendants provided the Plaintiff with music, poles, stages, and lighting, and the Plaintiff simply danced;

      g. Defendants mandated that Plaintiff pay managers a tip from Plaintiff' own earnings;

      h. Defendants auditioned the Plaintiffs but did not provide training, the main consideration was attractiveness of the Plaintiff;

      i. Defendants hired and fired all employees of the club – the Plaintiffs, DJ's, bouncers, managers, and others;

      j. Defendants employed Plaintiff for several months if not years at one time;

      k. Plaintiff and other dancers constituted the workforce without which Defendants could not perform their services;

      l. Plaintiff' services was integrated into Defendants' operations, i.e. customers came to the club to see Plaintiff dance.

24. Plaintiff are not exempt from the minimum wage requirements under the FLSA.

25. Defendants' method of paying Plaintiff in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

26. Defendants misclassified Plaintiff with the sole intent to avoid paying her in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VII.   CAUSES OF ACTION

### COUNT I:
### Failure to Pay Minimum Wages and Wages Due (Collective Action)

27. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

28. Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

29. Defendants unlawfully charged Plaintiff rent to dance and took tips and wages from her in violation of the Fair Labor Standard Act's minimum wage provision.

30. Because they paid no wages, Defendants violated the law.

31. Additionally, Defendants took tips and wages from Plaintiff unlawfully. This violates the FLSA because it caused each Plaintiff to earn less than the minimum wage during at least one workweek in each Plaintiff's statute of limitations period.

32. Taking tips outside of a valid tip pool, or generally passing on to employees to cost of doing business is illegal under the FLSA.

33. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required rates are applicable to the Defendants or the Plaintiff.

## COUNT II

**Fair Labor Standards Act, 29 U.S.C. § 203 (Unlawful Tip Sharing – Collective Action)**

34. As set forth above, Defendants' failure to allow Plaintiff to retain all her tips by requiring her to "tip out" employees who do not customarily and regularly receive tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m).

## **PRAYER**

35. Plaintiff is entitled to recover compensation for the hours she worked for which she was not paid at the mandated minimum wage rate.

36. Plaintiff is also entitled to all of the misappropriated funds, including "rental fees", tips taken from her, tips taken from dance performances, and any additional wages owed.

37. Plaintiff is also entitled to an amount equal to all of her unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

38. Plaintiff is entitled to recover attorney's fees, interest, and costs as required by the FLSA. 29 U.S.C. § 216(b).

Respectfully submitted,

LOCAL COUNSEL

By: /s/ Daniel M. Faber\_\_\_
Daniel M. Faber
4620C Jefferson Lane NE
Albuquerque, NM 87109
dan@danielfaber.com
Tel: (505) 830-0405
Fax: (505) 830-0405

KENNEDY HODGES, LLP

By:  /s/ Ved Chitale
*\* Applying for pro hac vice admission*
David Hodges
Texas State Bar No. 24099613
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF